IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS POOM-MEDINA,<br><br>Defendant. | No. CR-12-1471-TUC-CKJ (BGM)<br><br>**ORDER** |

On December 11, 2012, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation (Doc. 40), in which he recommended denying Defendant's Motion to Suppress Evidence and Statements (Doc. 25). Defendant filed an objection to the Report and Recommendation on January 22, 2013 (Doc. 45) and the government filed a response on February 28, 2013 (Doc. 54).

## I.    STANDARD OF REVIEW

The Court reviews de novo portions of the Report and Recommendation a party has objected to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the un-objected to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); S*ee also Conley v. Crabtree,* 14 F.Supp.2d 1203, 1204 (D.Or.1998).

## II.   ANALYSIS

*Motion to Suppress Evidence and Statements*

Defendant objects to the Magistrate Judge's finding that the Defendant voluntarily

consented to the search by Border Patrol agents and that he was not in custody while the search was being executed. Defendant contends in the alternative that if the Defendant did consent to the search of the house, the agents went beyond the scope of that search when they found a gun in the bedroom closet. Defendant further objects to the Magistrate Judge's finding that *Miranda* warnings were not necessary prior to Defendant admitting that he owned the gun recovered and that he was not a United States citizen.

*Motion to Suppress Statements*

"An officer's obligation to give a suspect *Miranda* warnings before interrogation extends only to those instances where the individual is 'in custody.'" *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002) (citing *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.3d 714 (1977) (per curiam)). A determination of whether a person is in custody depends on the objective circumstances of the interaction and not on the subjective views of the officers or the suspect. *Yarborough v. Alvarado*, 541 U.S. 652, 663, 124 S.Ct. 2140, 2148-2149 (2004). "Courts must examine all of the circumstances surrounding the interrogation and determine how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action." *Id*. (internal quotations omitted).

The Ninth Circuit has identified five factors to consider when a court is determining whether an interrogation is custodial. *Kim*, 292 F.3d at 974. These factors include: (1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual. *Id.*

After conducting a hearing, the Magistrate Judge found that the defendant was not in custody. The defendant argues that the Magistrate Judge failed to give proper weight to certain factors such as the number of agents present at the scene; the degree and duration of the detention; the late hour of the encounter; and the isolation of the Defendant from the public.

1 Agents arrived at the house where the Defendant was staying at approximately 2 midnight. Three agents approached the door and after Defendant answered, one agent 3 explained to the Defendant in English and Spanish, the reason they were there and asked 4 him permission to enter and search the house. The agents did not have their weapons 5 drawn when they spoke with the Defendant. There was no use of coercive language and 6 the Defendant was calm throughout the entire incident. During the search, Agent Heredia 7 pulled the Defendant to the side and stayed beside him for safety concerns. However, 8 Defendant was not handcuffed. The record also indicates that the length of time between 9 the initial encounter with the Defendant and the agents' questioning of the Defendant 10 about the gun and his citizenship, was relatively brief.

11 After an independent review of the record, based on the totality of the 12 circumstances, this Court agrees with the findings in the Report and Recommendation 13 that the Defendant was not in custody at the time he was asked about the gun and his 14 citizenship. Therefore, any statements the defendant made to the agents before he was 15 read his *Miranda* warnings are admissible at trial.

*Motion to Suppress Evidence*

17 Defendant further objects to the Magistrate Judge's finding that the Defendant 18 voluntarily consented to the agents' search of the house. Consent is an exception to the 19 general rule that any search conducted without a warrant is unreasonable under the 20 Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct 2041, 2043-21 44, 36 L.Ed.2d 854 (1973). Consent, however, must be given free from any explicit or 22 implicit coercion by the officers. *Id.* at 228, 93 S.Ct. at 2048. "Whether consent to search 23 was voluntarily given is 'to be determined from the totality of the circumstances.'" 24 *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004) (quoting 25 *Schneckloth*, 412 U.S. at 222, 93 S.Ct. art 2041).

26 The Defendant argues that the agents gained consent through deceit and therefore 27 the consent was not voluntary. Specifically, he argues that the agents deceived Defendant 28 by using a "password" to get Defendant to open the door. Thus, the agents tricked

Defendant into believing he was going to answer the door for someone that he knew. The government does not dispute that the agents used a "password" or "code" in order to have the Defendant open the door.

Defendant relies on *United States v. Johnson* for the proposition that deception by law enforcement is sufficient to show involuntary consent. *United States v. Johnson*, 626 F.2d 753, 755-57 (9th Cir. 1980). However, *Johnson* is distinguishable from this case. In *Johnson*, the Court held that the warrantless arrest of a suspect in the doorway of his residence was invalid because law enforcement used deception to get the suspect to answer the door and had their weapons drawn when he answered. Thus, the Court held that a reasonable person in that suspect's position would not believe he was free to leave. Therefore, since he was in custody, a subsequent consent to search his apartment could not be voluntary. *Id*. 756-757. While deception was used to get the Defendant to open the door in this case, the agents did not have their weapons drawn when the Defendant opened the door. Further, once the defendant opened the door, agents identified themselves as Border Patrol agents and asked if they could search the house for illegal aliens. The Defendant was not in custody at the time he opened the door and consented to the search.

Courts generally apply five guiding factors to determine whether a consent to search was voluntarily given. These factors include: "(1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was notified that he had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained." *United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir. 2002) (citing *United States v. Castillo*, 886 F.2d 1071, 1082 (9th Cir. 1989)); *See also United States v. Welch*, 4 F.3d 761, 763 (9th Cir. 1993).

The defendant was not in custody at the time he consented to the search and the agents did not have their guns drawn. *Miranda* warnings were not necessary since the Defendant was not in custody. While the agents did not inform the defendant he had a

right not to consent to the search, there is no indication from the record that the agents intimated that the Defendant's withholding of consent would be futile. *See United States v. Kim,* 25 F.3d 1426, 1432 (9th Cir. 1994). Based upon the totality of these circumstances, this Court agrees with the Magistrate Judge that the Defendant's consent to search his residence was voluntary.

Finally, the Defendant raises for the first time in his objections to the Magistrate Judge's Report and Recommendation that the agents exceeded the permitted scope of the search. "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect." *Florida v. Jimeno*, 500 U.S. 248, 251, 11 S.Ct. 1801, 1803-804 (1991) (citations omitted). The scope of the search is limited by the object being searched for and the spaces or areas in which it may be found. *Id.* at 1804. Here, the agents were searching for humans. Although the closet was small, a person or possibly multiple people could have hidden inside its space. The defendant never limited the scope of the search and was aware that the agents were searching for humans. Thus, an objectively reasonable person would have believed the agents had authority to search the closet. The officers did not exceed the permitted scope of the search.

Accordingly, IT IS ORDERED

1. The Report and Recommendation (Doc. 40) is ADOPTED.
2. Defendant's Motion to Suppress Evidence and Statements (Doc. 25) is DENIED.

Dated this 29th day of March, 2013.

_____
Cindy K. Jorgenson
United States District Judge